JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04028-RGK (FFMx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | *Saravia v. Paxton* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On February 21, 2013, Plaintiff Priscilla Saravia ("Plaintiff") filed the present unlawful detainer action against Defendant Anthony James Paxton ("Defendant") in Los Angeles Superior Court. On June 5, 2013, Defendant in pro se removed this action on the basis of federal question jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq*. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In establishing federal question jurisdiction, a party cannot rely on anticipated defenses involving federal law where the plaintiff's claim is based entirely on state law. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S.125, 127 (1974); *see Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).

Upon review of the Complaint, the Court finds there is no federal question jurisdiction in this matter. Plaintiff's Complaint is a discrete action for unlawful detainer, which exclusively invokes authority pursuant to California statute. 28 U.S.C. § 1441(b).

Defendant cannot confer jurisdiction upon the Court by attempting to rely on a federal statute for his defense. Plaintiff's Complaint does not present any questions of federal law. Further, Defendant's attempted defense is misplaced because 12 U.S.C. § 5220 relates to homeowners under foreclosure, not leasing tenants. Accordingly, Defendant's removal based on federal question jurisdiction is improper.

   For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

  **IT IS SO ORDERED.**

: _____

Initials of Preparer